

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 9, 2020

**BY EMAIL**
AbramsNYSDChambers@nysd.uscourts.gov

Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Paul Calder Leroux*,
                S2 12 Cr. 489 (RA), 14 Cr. 75 (RA)

Dear Judge Abrams,

      The Government respectfully submits this letter to request that certain, limited portions of the Government's sentencing memorandum be filed under seal, with a redacted version publicly filed. The proposed redacted memorandum is enclosed.





Because this letter discusses information to be filed under seal, Government further requests that this letter also be filed under seal, with a redacted version to be publicly filed. A proposed redacted letter is also enclosed.

A.  **The Common Law Right of Access**

The Supreme Court has recognized a common law right of public access to judicial documents. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978). The common law right of access attaches with different weight depending on two factors: (a) "the role of the material at issue in the exercise of Article III judicial power" and (b) "the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1049 (2d Cir. 1995). "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." Id. "The detention of criminal defendants pending trial is a quintessential exercise of a court's Article III judicial power, and the public has a legitimate interest in monitoring a court's use of that power." *United States v. Graham*, 257 F.3d 143, 154 (2d Cir. 2001) (citing *In re Globe Newspaper Co.*, 729 F.2d 47, 52 (1st Cir. 1984) and *United States v. Chagra*, 701 F.2d 354, 363 (5th Cir. 1983)).

After determining the weight afforded to the presumptive right of access, the common law right is balanced against countervailing interests favoring restrictions on access. "[T]he fact that a document is a judicial record does not mean that access to it cannot be restricted." *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 146 (2d Cir. 1995). Noting that it is difficult to "identify all the factors to be weighed in determining whether access is appropriate," the Supreme Court has further observed that "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 598-99.

The Second Circuit has recognized certain categories of countervailing factors to be balanced against the presumption of access, including: (i) the danger of impairing law enforcement or judicial efficiency and (ii) the need to protect privacy interests. *Amodeo I*, 44 F.3d at 147. The Circuit has identified the law enforcement privilege as an interest worthy of protection, noting that the privilege is designed:

> to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.

*Id.* (citing *In re Dep't of Investigation*, 856 F.2d 481 (2d Cir. 1988)). In addition, the court in *Amodeo II* found that the voluntary cooperation of persons who may want or need confidentiality "is also often essential to judicial efficiency." 71 F.3d at 1050. Thus, "[i]f release [of a judicial document] is likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable, that effect should be weighed against the presumption of access." *Id.*

The Second Circuit has also held that "[t]he privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure. . . should weigh heavily in a court's balancing equation." *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987); *see also In re Newsday, Inc.*, 895 F.2d at 79-80 (holding that the "common law right of access is qualified by recognition of the privacy rights of the persons whose intimate relations may thereby be disclosed"). The Circuit has identified such interests as "a venerable common law exception to the presumption of access." *Amodeo II*, 71 F.3d at 1051. "In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Id.* (listing "[f]inancial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters" as weighing more heavily against access than conduct affecting a substantial portion of the public); *see also In re Newsday, Inc.*, 895 F.2d at 79 (holding that disclosure of "intimate relations" qualifies the common law right of access). "The nature and degree of injury must also be weighed." *Amodeo II*, 71 F.3d at 1051. Finally, in balancing the qualified right of public access against privacy interests, courts must consider "the sensitivity of the information and the subject," and whether "there is a fair opportunity for the subject to respond to any accusations contained therein." *Id.*

### B. The First Amendment Right of Access

The First Amendment presumptive right of access applies to civil and criminal proceedings and "protects the public against the government's arbitrary interference with access to important information." *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.* ("*NYCTA*"), 684 F.3d 286, 298 (2d Cir. 2012) (internal quotation marks omitted). The Circuit has applied two different approaches when deciding whether the First Amendment right applies to particular material. The "experience-and-logic" approach asks "both whether the documents have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation marks omitted). The second approach—employed when analyzing judicial documents related to judicial proceedings covered by the First Amendment right—asks whether the documents at issue "are derived from or are a necessary corollary of the capacity to attend the relevant proceedings." *Id.* (internal quotation marks and alteration omitted).

Even when it applies, however, the First Amendment right creates only a presumptive right of access. "What offends the First Amendment is the attempt to [exclude the public] without sufficient justification," *NYCTA*, 684 F.3d at 296, not the simple act of exclusion itself. Thus, the presumptive right of access may be overcome by "specific, on-the-record findings that sealing is necessary to preserve higher values" and where the "sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124.

### C. Redactions to Documents Subject to Right of Access

Finally, in any case in which some sealing of a judicial document is appropriate, the Second Circuit has directed that the court must determine whether redaction is "a viable remedy," or whether the document presents "an all or nothing matter." Amodeo II, 71 F.3d at 1053; *see also In re Newsday, Inc.*, 895 F.2d at 80 (noting that "a district court has the authority to redact a document to the point of rendering it meaningless, or not to release it at all, but such drastic restrictions on the common law right of access are not always appropriate."). Where redactions are necessary to protect the interests described above, the Second Circuit has considered whether the portions of the document that remain intact are intelligible and informative, or are more likely to be confusing and misleading. *Amodeo II*, 71 F.3d at 1053. Where partial redaction is not a viable option, the Circuit has indicated that the entire document may remain under seal. *Id.*

### D. The Proposed Redactions

The three proposed redactions described above are an appropriate remedy to balance the public and press's right of access with privacy interests, *see In re New York Times Co.*, 828 F.2d at 116; *In re Newsday, Inc.*, 895 F.2d at 79-80; and law enforcement interests. *Amodeo I*, 44 F.3d at 147. The Government respectfully requests that the Court make "specific . . . findings that sealing is necessary to preserve higher values" and that the "sealing order is narrowly tailored to achieve that aim," *see Lugosch*, 435 F.3d at 124, and order that this letter and the Government's

Case 1:14-cr-00075-RA   Document 22   Filed 06/10/20   Page 5 of 5

Page 5

unredacted sentencing submission be filed under seal, with the proposed redacted memorandum and letter to be publicly filed.

                Respectfully submitted,

                GEOFFREY S. BERMAN
                United States Attorney

by: _____
      Emil J. Bove III / Rebekah Donaleski /
        Michael D. Lockard
      Assistant United States Attorneys
      (212) 637-2444/2423/2345

cc: James Branden, Esq.
    Jeffrey Chabrowe, Esq.